IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LAVENDER ROAD MANAGEMENT, | § | |
| LLC, d/b/a Lavender Place | § | |
| | § | **CASE NO. 6:23-cv-277-JDK** |
| vs. | § | |
| | § | |
| HANOVER INSURANCE COMPANY | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Hanover Insurance Company's Motion for Summary Judgment (ECF 10) and Plaintiff Lavender Road Management, d/b/a Lavender Place's Cross-Motion for Summary Judgment (ECF 11). The presiding judge referred the motions for proposed findings of fact and recommendations for disposition in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b) (ECF 14). Having considered the motions, responses, and reply, it is recommended that Defendant's motion for summary judgment be **GRANTED** and Plaintiff's cross-motion for summary judgment be **DENIED**.

## BACKGROUND

Plaintiff initiated this action in the 114th Judicial District Court of Smith County, Texas, concerning insurance coverage pursuant to a Commercial General Liability ("CGL") insurance policy issued by Defendant to Plaintiff. Defendant removed the action to federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In its state court petition, Plaintiff asserts that Defendant issued a CGL policy to it that was effective November 20, 2020 through June 9, 2021. Plaintiff submits that coverage under the terms of the policy included a "right and duty to defend [Plaintiff] against any suit seeking damages

for bodily injury or property damage."[1]  Plaintiff complains that Defendant refused to defend an action filed against it in Smith County, Texas, on December 16, 2020, and issued a denial letter on January 25, 2021.  In that lawsuit, Plaintiff states that Chinquapin Point Properties, LLC ("CPP") sought relief against it for alleged property damage.[2]  Plaintiff submits that it was forced to provide its own defense due to Defendant's refusal to provide a defense, ultimately resulting in a favorable resolution.  Plaintiff estimates that it incurred more than $263,000.00 in attorney's fees after Defendant issued its denial letter.[3]  Plaintiff asserts claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing, seeking actual damages, treble damages, extra-contractual damages, exemplary damages, statutory damages for violations of the Texas Insurance Code, interest, attorney's fees, and costs.

Defendant filed a motion for summary judgment asserting that the underlying lawsuit filed by CPP did not trigger a duty to defend under the CGL policy.  Defendant asserts that Plaintiff—the owner and operator of a mobile home park—was sued, together with Steven Pinkston, the owner and manager of Plaintiff, for an alleged unauthorized construction of a sewage pipeline without prior consent from the affected property owners.[4]  Defendant submits that Plaintiff did not own an interest in the property on which the sewage pipeline was being constructed.  In the underlying lawsuit, CPP sought a restraining order and temporary injunction to prohibit construction of the sewage pipeline without the consent of the owners.  The suit additionally asserted that Plaintiff was not authorized to construct the pipeline or to transport sewage across the property.[5]

---

[1] Plaintiff's Original Petition, ECF 1-5, at *3 (Exhibit E to Defendant's Notice of Removal).
[2] Plaintiff states that the suit alleges that Plaintiff "already damaged the Property and will continue to harm the Property unless immediate relief is granted."*Id*. at *4.
[3] *Id*.
[4] Defendant Hanover Insurance Company's Motion for Summary Judgment, ECF 10, at *8.
[5] *Id*. at *9.

In its motion, Defendant agrees that it issued CGL policy RHS 9889056 08 to Plaintiff, Lavender Road Management LLC dba Lavender Place, with effective dates of November 24, 2020 through June 9, 2021.  A copy of the policy is attached to the motion.[6]  The policy coverage includes a duty to defend against any suit seeking damages for bodily injury or property damage that is covered by the terms of the policy.[7]  Defendant asserts that coverage under the policy includes "property damage" that is "caused by an 'occurrence' that takes place in the 'coverage territory;' " and "during the policy period."[8]  The policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[9]  "Property damage" is defined to include "physical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."[10]  An "occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[11]  The policy includes an exclusion for "expected or intended injury," stating that the insurance does not apply to "[b]odily injury" or "property damage" that is expected or intended from the standpoint of the insured.[12]

Defendant asserts that it had no duty to defend under the terms of the policy because the petition filed in the CPP lawsuit did not allege property damage caused by an occurrence falling within the policy period.  Defendant submits that the petition fails to allege facts of a physical harm meeting the policy definition of "property damage."  Further, Defendant argues that the allegations do not show an "occurrence" within the policy definition because the claim against

---

[6] *Id*., ECF 10-2, at *6–112 (App.4–110).
[7] *Id*. at *44 (App.42).
[8] *Id*.
[9] *Id*. at *56 (App.54).
[10] *Id*.
[11] *Id*.
[12] *Id*. at *45 (App.43).

Plaintiff in the underlying petition is for the intentional tort of trespass.  Finally, Defendant contends that the underlying petition does not allege any damage that occurred during the policy period.

Defendant asserts that the lack of coverage bars recovery, including extra-contractual claims and a claim for breach of the common law duty of good faith and fair dealing.  To the extent Plaintiff seeks relief pursuant to the Texas Insurance Code, Defendant argues that those claims are barred by the applicable statute of limitations.  Additionally, Defendant submits that Plaintiff has not alleged facts sufficient to state a claim for misrepresentation under section 541 of the Texas Insurance Code.  Because it did not wrongfully reject its duty to defend, Defendant states that Plaintiff cannot assert a Prompt Payment Act claim.  For these reasons, Defendant denies that Plaintiff is entitled to any of the relief requested.

Plaintiff filed a cross-motion for summary judgment and response.  Plaintiff asserts that the underlying lawsuit stems from a dispute between it and CPP involving the construction of a sewage pipeline.  Plaintiff states that CPP alleged in the underlying lawsuit that Plaintiff bored underneath and damaged its property to construct a sewage pipeline.[13]  CPP sought to recover actual, consequential, and exemplary damages related to construction of the pipeline and the related property damage.[14]  Plaintiff submits that it incurred reasonable attorney's fees totaling $263,430.00, after reducing the total amount by ten percent, procuring its own defense in the underlying suit and it continues to incur fees in the prosecution of this lawsuit.

Plaintiff argues that CPP's operative complaint in the underlying lawsuit triggered coverage under the CGL policy at issue.  Plaintiff contends that the CPP complaint "undeniably

---

[13] Plaintiff Lavender Road Management, LLC d/b/a Lavender Place's Cross-Motion for Summary Judgment and Response to Defendant Hanover Insurance Company's Motion for Summary Judgment, ECF 11, at *4.
[14] *Id*.

asserts that Lavender damaged its property during the construction of the sewage pipeline."[15] Viewing the allegations most favorably to Lavender, Plaintiff submits that the pleading in the underlying lawsuit clearly asserts property damage that was caused by an occurrence, as that term is defined in Texas case law.  Plaintiff complains that Defendant denied coverage, asserting that the decision to construct the pipeline was not an accident, but Plaintiff reasons that the damage to CPP's property that resulted from construction of the pipeline was an accident because it was not the intended or expected result.[16]  Plaintiff argues that Defendant wrongly denied coverage by focusing only on Plaintiff's decision to construct the sewage pipeline, without recognizing that CPP was suing Lavender for property damage that resulted from the construction.[17]  Plaintiff states that there are no allegations in the underlying lawsuit that the property damage was anything other than accidental.  While acknowledging that the underlying lawsuit refers to potential future property damage, Plaintiff points to the allegation in the petition stating that Lavender "already damaged the Property and will continue to harm the Property unless immediate relief is granted."[18]

As to the statute of limitations for its chapter 541 claim, Plaintiff asserts that Defendant induced it to postpone the filing of this lawsuit, which results in a 180-day extension of the limitations period.  More specifically, Plaintiff submits that a letter from Defendant's adjustor denying the duty to defend under the policy, dated January 25, 2021, states "[i]f you disagree with our position the statute of limitations for any action on the insurance policy for this claim will expire on January 25, 2025."[19]  Plaintiff further argues that it is entitled to recover attorney's fees as a result of Defendant's bad faith.

---

[15] *Id.* at *9.

[16] *Id.*

[17] *Id.*

[18] *Id.* at *10 (quoting Plaintiff's Original Petition for *Ex Parte* Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and Request for Disclosure, ECF 11-1 (Appendix to Cross-Motion for Summary Judgment), at *115).

[19] *Id.* at *11; ECF 11-1, at *154.

In response to the cross-motion for summary judgment, Defendant re-asserts that the CPP lawsuit did not trigger a duty to defend under the policy.  Defendant reasons that damage to property is an expected and reasonably anticipated result from the construction of a pipeline on property, such that it is not property damage caused by an "occurrence."  So long as the insured intended to do the act that caused the resulting injury, Defendant argues that the conduct is not an accident and does not trigger a duty to defend.  Here, the underlying lawsuit alleges that Plaintiff intentionally trespassed on CPP's property, constructing a pipeline without permission, and Defendant submits that the only damage alleged is damage naturally resulting from the trespass.  Defendant also objects to the affidavit of Don Colleluori that was submitted with Plaintiff's motion.  Defendant complains that the affidavit purports to support Plaintiff's claim for attorney's fees incurred in defending the underlying lawsuit, but Mr. Colleluori has not been designated as an expert witness and costs represented in the affidavit are not limited to those incurred by Lavender, the insured under the policy.  In response to the adjustor's letter providing a statute of limitations expiration date, Defendant contends that the statement clearly refers to only a contractual claim in connection with the policy.

Plaintiff's reply again argues that the underlying lawsuit "contained explicit averments *potentially* triggering this foundational benefit of having and holding insurance."[20]  Plaintiff makes no claim concerning indemnity—only that at least one allegation in the underlying lawsuit potentially triggered coverage under the policy.  Plaintiff submits that Defendant is asking the Court to assume that property damage naturally flows from Plaintiff's act of constructing a pipeline.  Indeed, Plaintiff asserts that it prevailed in the underlying lawsuit because no property

---

[20] Plaintiff Lavender Road Management, LLC d/b/a Lavender Place's Reply to Defendant Hanover Insurance Company's Objections and Response to Plaintiff Lavender Road Management, LLC d/b/a Lavender Place's Cross-Motion for Summary Judgment, ECF 15, at *1 (emphasis in original).

damage occurred.[21]  Nevertheless, looking only at the pleadings in the underlying lawsuit, and viewing the allegations in Plaintiff's favor, Plaintiff argues that the duty to defend was triggered.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence show that "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden of showing there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Id.* When ruling on a motion for summary judgment, the Court must make all inferences from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may meet its burden by pointing to the absence of evidence supporting any claim. *Celotex Corp.*, 477 U.S. at 325.

If the movant meets its burden, the nonmovant must go beyond the pleadings and set forth specific facts in the record sufficient to support his claim. *Anderson*, 477 U.S. at 257. The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the factors, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant must submit competent summary

---

[21] *Id*. at *6.

judgment evidence sufficient to defeat a properly supported motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The nonmovant is also required to articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith v. United States*, 392 F.3d 621, 625 (5th Cir. 2004).

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutl. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace*, 80 F.3d at 1048 (citing *Little*, 37 F.3d at 1075).

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A material fact is one that might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.

## APPLICABLE LAW

This case was removed to federal court asserting diversity jurisdiction over claims brought

pursuant to Texas law.  Generally, under Texas law, an insurer's duty to defend will be determined

by looking only at the complaint filed in the underlying lawsuit and the policy, commonly referred

to as the "eight-corners rule" or the "complaint allegation rule."  *GuideOne Elite Ins. Co. v. Fielder*

*Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006); *King v. Dallas Fire Ins. Co.*, 85 S.W.3d

185, 187 (Tex. 2002).  The truth or falsity of the allegations in the pleadings is irrelevant and the

allegations are to be liberally construed in favor of coverage.  *Id.* (citing *Argonaut Sw. Ins. Co. v.*

*Maupin*, 500 S.W.2d 633, 635 (Tex. 1973) and *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor*

*Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)).  The insurer does not have a duty to defend if the

underlying lawsuit pleadings do not allege facts within the scope of coverage.  *Nat'l Union Fire*

*Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141.  The insurer has a duty to defend

if the facts alleged in the latest amended pleading, if taken as true, would potentially state a cause

of action falling within the terms of the policy.  *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363

F.3d 523, 528 (5th Cir. 2004); *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939

S.W.2d at 141.

In determining whether the pleadings potentially state a cause of action that is covered by

the policy, the focus is on the alleged facts rather than the legal theories asserted in the pleadings.

*Id.*  A court should not read facts into the pleadings or imagine factual scenarios that might trigger

coverage.  *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 142.  The

burden is on the insured to establish that a claim is potentially within the scope of coverage.

*Lincoln General Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir. 2005) (citing *Northfield Ins. Co. v.*

*Loving Home Care, Inc.*, 363 F.3d at 528).  If the insured successfully establishes that a claim is

potentially within the scope of coverage, the burden is then on the insurer to show, within the confines of the eight-corners rule, that the plain language of a policy exclusion or other limitation excludes coverage.  *Id*.  If the insurer then proves that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion.  *Guaranty Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998).

## ANALYSIS

Here, the facts alleged in the CPP petition are that Plaintiff, together with Steven Pinkston, constructed an unauthorized pipeline to dispose of sewage from a mobile home park owned by Plaintiff.[22]  Specific to Plaintiff, the petition alleges that "Lavender – the owner of the mobile home park – does not own an interest in Hitts Lake Property and has not obtained permission (in the form of an easement, license or otherwise) from the owners of Hitts Lake Property to construct a sewage pipeline on the Property or to allow sewage from its mobile home park to flow through the Property."[23]  CPP asserts a trespass claim against Plaintiff and seeks to enjoin Plaintiff from "laying, constructing, testing, using or in any manner operating a sewage pipeline on the Property without the express consent of all of the owners of the Property."[24]

The policy provides a duty to defend for property damage that is caused by an occurrence in the coverage territory during the policy period.  The policy defines an occurrence to include an accident and excludes property damage that is expected or intended from the standpoint of the insured.  "Whether there has been an accident and thus an occurrence, is judged from the viewpoint

---

[22] Defendant Hanover Insurance Company's Motion for Summary Judgment, ECF 10-3, at *3 (App.112), Exhibit 2 (Plaintiff's Original Petition for *Ex Parte* Temporary Restraining Order, Temporary Inunction and Permanent Injunction, and Request for Disclosure).
[23] *Id*. at *6 (App.115).
[24] *Id*. at *6–8 (App.115–117).

of the insured under the provisions of this commercial general liability policy." *Federal Ins. Co. v. Ace Property & Casualty*, 420 F.3d 120, 123 (5th Cir. 2005).

Defendant contends that *Maupin* is dispositive here. *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633 (Tex. 1973). In *Maupin*, a construction company contracted with a tenant, instead of the owner, to remove dirt from property. The owner then sued Maupin, asserting a trespass claim for the wrongful removal of their dirt. Regardless of Maupin's mistake in contracting with the wrong person, the Texas Supreme Court held that "[t]he plaintiff's act in trespassing upon the [owners'] property did not constitute an accident." *Id*. at 635. The "acts were voluntary and intentional, even though the result or injury may have been unexpected, unforeseen and unintended." *Id*. As a result, the Court held that the damage asserted in the underlying lawsuit "was not an accident or occurrence within the meaning of [the] policy." *Id*. "As Maupin voluntarily, intentionally, and without the true owner's consent removed dirt from property belong to the owner, and as trespass in Texas is a strict liability tort without a scienter element, the court concluded that inquiry into whether Maupin expected or intended to cause damage to the owner was not relevant in determining if a tort had been committed." *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 724 (5th Cir. 1999).

Looking only at the factual allegations in the most recent petition filed in the underlying lawsuit and the language of the insurance policy, as required by the eight-corners rule, the petition does not allege facts stating a cause of action that is potentially within the policy's coverage. Even taking as true Plaintiff's assertion that the underlying lawsuit alleges that Plaintiff damaged CPP's property during the construction of the sewage pipeline, the factual allegations of the underlying lawsuit do not allege a coverage-triggering occurrence, as that term is used in the policy. The CPP petition specifically alleges that Plaintiff—Lavender—committed a trespass when it constructed a

11

sewage pipeline on property that it does not own and without the permission of the owners.  All that is alleged against Plaintiff is the intentional tort of trespass, which is a voluntary and intentional act.  The act of trespass was not an accident and any damage resulting from that trespass is not an accident or occurrence within the terms of the policy.  *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d at 635; *Federal Ins. Co. v. Ace Property & Casualty*, 420 F.3d at 123. Plaintiff has not shown a claim potentially within the scope of coverage.

There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law finding no duty to defend Plaintiff in the CPP lawsuit.  Because there is no coverage, Plaintiff's remaining claims for relief fail.

## **<u>RECOMMENDATION</u>**

It is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF 10) be **GRANTED** and that Plaintiff's Cross-Motion for Summary Judgment (ECF 11) be **DENIED.**

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).   Written objections shall not exceed eight pages.  Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court*.  Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 23rd day of July, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE